

```
ANTHONY TAYLOR
715 Puite Street
Bakersfield, California  93309
Telephone (661) 396-8425
In Pro Per
```

FILED
DEC 07 2009
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTNONY TAYLOR, <br><br> Plaintiff, <br><br> vs. <br><br> NABORS INDUSTRIES LTD. <br><br> DOES 1 to 25, <br><br> Defendants | Case No.: 1:09-cv-02121-AWI-GSA <br><br> COMPLAINT FOR LAWSUIT <br><br> 29 U.S.C. Section 2612 et seq. |

1. This a civil action authorized by Title 29 U.S.C. Section 2612 et seq., to redress the discriminatory practices and policies of defendant corporation Nabors Industries Ltd.

2. The court his jurisdiction of the subject matter of the complaint pursuant to Title 28 U.S.C. Section 1334.

3. Plaintiff was hired by defendant on or about January 2005, and performed all duties and responsibilities that were assigned to his as a "Oil Well Puller."

RECEIVED
DEC 07 2009
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

[Summary of pleading] - 1

4. On or about April 24, 2008 plaintiff sustained a physical injury to his hand and sought medical treatment for the same at the designated physician of (Kaiser Medical Group) that was provided by defendant.

5. As a direct result of the aforesaid plaintiff pre-existing medical condition of 1. Hypertension and Gout were aggravated or "lit-up" by the oil-field injury of April 24, 2008.

6. On or about June 17, 2008 plaintiff received a letter from Nabors Ltd. Headquarters located in Houston Texas, that Nabors Company Policy provides that {I]f any employee remains away from work for more that 84 consecutive days will be terminated by the Company.

7. Plaintiff alleges that is an eligible employee within the meaning of 29 U.S.C. Section 2611 et seq.

8. Plaintiff alleges that the defendant is an employer within the meaning of 29 U.S.C. Section 2611(4)et seq.

9. Plaintiff alleges that he was entitled to leave under the terms of the (FMLA) 29 U.S.C. Section 2612 (a) (1).

10. Plaintiff alleges that the employer was notified and aware of the posture of taking leave pursuant to 29 U.S.C. Section 2612(e)(1) et seq.

11. Plaintiff further alleges that defendant has unlawfully retaliated, discharged and/or otherwise unlawfully interfered with plaintiff's rights' secured by Title 29 U.S.C. Section 2612 et seq.

WHEREFORE, in light of the foregoing plaintiff respectfully request judgment in his favor granting:

1 An order restoring any and all medical and employment benefits rightfully due plaintiff.

2. Compensation damages in the amount of $250,000.00 for any and all lost wages that have been wrongfully denied to plaintiff

3. Such other and further relief deemed proper and just.

P

Dated December 2, 2009

Anthony Taylor
In Pro Per

[Summary of pleading] - 3