IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY TAYLOR,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS<br>NABORS INDUSTRIES, LTD.,<br><br>　　　　Defendant. | Case No. 1:09-cv-2121-AWI-JLT<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(Document 2) |

Plaintiff is proceeding *pro se* with an action pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2612, et seq. On December 7, 2009, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2.)

**I.　　IFP Motion**

The Court finds that Plaintiff's IFP motion, wherein he reports that he is unemployed and has no income or assets, satisfies the indigency requirements of 28 U.S.C. § 1915. The Court further finds that Plaintiff is unable to pay the costs of commencing this action. Accordingly, Plaintiff's IFP motion is granted.

///

///

**II.     Complaint**

     A.     Screening

The Court is required to review a case filed *in forma pauperis*. 28 U.S.C. § 1915(e). The Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987 (citing Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint may be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

          i.     Rule 8(a)

Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). In other words, the plaintiff is required to give the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests. Although a complaint need not outline all of the elements of a claim, it must be possible to infer from the allegations that all of the elements exist and that the plaintiff is entitled to relief under a viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990). Conclusory allegations that are unsupported by facts are insufficient to state a claim under § 1983. Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).

B. <u>Analysis</u>

    i. <u>Summary of Allegations</u>

Plaintiff alleges that in January 2005, he was hired by Defendant to work as an "oil well puller." On April 24, 2008, he alleges he sustained a physical injury to his hand and sought treatment from a physician designated by Defendant. Plaintiff alleges that this injury aggravated pre-existing medical conditions namely, gout and hypertension.

On June 17, 2008, Plaintiff states he received a letter from Defendant informing him of its policy that if any employee is away from work for more than 84 consecutive days, the employee faces termination. He alleges that he is an employee within the meaning of the FMLA, and that despite the fact that Defendant was notified and aware of his taking leave pursuant to the FMLA, he was nevertheless unlawfully "retaliated, discharged and/or unlawfully interfered with" in his employment.

In his prayer, Plaintiff seeks an order restoring "any and all medical and employment benefits rightfully due" and compensation from Defendant in the amount of $ 250,000.00 for "any and all lost wages that have been wrongfully denied to [him]."

    **ii.** **Plaintiff's complaint fails to state a cause of action under the FMLA**

Plaintiff alleges that both he and Defendant are subject to the provisions of the FMLA. 29 U.S.C. § 2617(a) permits a covered employee to file a civil action against a covered employer for damages for "any wages, salary, employment benefits, or other compensation denied or lost" and "equitable relief" resulting from the employer's interference in the employee's rights under the FMLA, including the right to up to 12 work weeks of leave due to "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D).

Here, Plaintiff alleges that after notifying Defendant of his inability to work due to his physical condition and of his rights under the FMLA, he was nevertheless informed that he would be discharged if he was away from work for more than 84 days and, subsequently, was discharged. However, in light of 29 U.S.C. § 2612(a)(1)'s cap of 12-weeks leave during any 12-month period, it is unclear that Defendant's policy of discharge after 84 days away from work is

inconsistent with the provisions of the FMLA, or that Defendant's policy, as applied to Plaintiff, violated the Act.

On the other hand, Plaintiff's prayer for $250,000 damages does not appear to be limited only to compensatory damages.  Farrell v. Tri-County Metro. Transp. Dist., 530 F.3d 1023, 1025 ["It is well-settled that the FMLA, by its terms, 'only provides for compensatory damages and not punitive damages.'"]

The Court will grant Plaintiff an opportunity to amend the complaint to address the above deficiencies.  Plaintiff will be granted an opportunity to file an amended complaint specifying precisely how the circumstances in his case state of cause of action under the FMLA.  Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supercedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) is GRANTED;

2. Plaintiff's Complaint IS DISMISSED WITH LEAVE TO AMEND; and

3. Plaintiff is GRANTED thirty days from the date of service of this order to file and amended complaint.  The amended complaint must reference the docket number assigned to this case and must be labeled a "First Amended Complaint."

///

///

///

Failure to file and amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated: **January 25, 2010**                                         **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE